UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION


---------------------------------------------------------- x
In re:                                            :
                                                  :      Chapter 13
SYLVIA JEAN HARVEY,                               :
                                                  :      Case No.: 25-04504
                          Debtor.                 :
                                                  :
---------------------------------------------------------- x


## **<u>NOTICE OF MOTION</u>**

The party represented by counsel below has filed papers with the court to move the court for an order for relief from the automatic stay or for adequate protection.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the order for relief from stay, or if you want the court to consider your views on the motion, then on or before May 4, 2026, unless otherwise ordered, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

> United States Bankruptcy Court
> Post Office Box 791
> Raleigh, NC 27602

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy:

> Eudora F. S. Arthur
> Womble Bond Dickinson (US) LLP
> 555 Fayetteville St., Suite 1100
> Raleigh, NC 27601
>
> Troy Staley
> Trustee
> PO Box 1618
> New Bern, NC 28563-1618

If a response and a request for hearing are filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: April 15, 2026    WOMBLE BOND DICKINSON (US) LLP

By:  /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Credit Acceptance Corp.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

```
--------------------------------------------------------- x
In re:                                    :
                                          :   Chapter 13
SYLVIA JEAN HARVEY,                       :
                                          :   Case No.: 25-04504
                          Debtor.         :
                                          :
--------------------------------------------------------- x
```

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes Credit Acceptance Corp. ("Credit Acceptance"), by and through counsel, and moves this court for an Order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Rule 4001 of the Bankruptcy Rules of Procedure. In support of its Motion for Relief from the Automatic Stay (the "Motion"), Credit Acceptance shows unto the court as follows:

1.      This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2.      On November 12, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 to commence the above-referenced case (the "Chapter 13 Case").

3.      On or about September 28, 2023, Credit Acceptance extended a loan to Sylvia Jean Harvey (the "Debtor") to finance the purchase of a 2014 Ford Explorer, VIN No. FM5K7B88EGA11592 (the "Vehicle").

4.      In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Credit Acceptance in the principal amount of $15,830.22 (the "Contract"). A true and

accurate copy of the Contract is attached hereto as **Exhibit A**.

5. Credit Acceptance has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit B**.

6. Debtor is currently due for September 2025 and have made no payments since the filing of the Chapter 13 Case.

7. The balance owed as of the Petition Date is $13,572.29.

8. On or about March 10, 2026, the Debtor filed its Chapter 13 Plan (the "Plan") (D.I. 22), which provides for payment directly to Credit Acceptance outside of the Plan.

9. Debtor has failed to make monthly payments to Credit Acceptance pursuant to the Plan.

10. As of the filing of this Motion, the Debtor was in post-petition arrears of $3,086.00.

11. Upon information and belief, as of the date of this Motion, the value of the Vehicle is approximately $7,150.00 according to J.D. Power Used CarGuide (the "Valuation"). A true and accurate copy of the Valuation as attached hereto as **Exhibit C**.

12. Based on the forgoing, Credit Acceptance seeks relief from the automatic stay in order to exercise its rights and remedies under the Contract.

## **BASIS FOR RELIEF**

Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)    for cause, including lack of adequate protection of an interest in property of such party in interest;

(2)    with respect to a stay of an act against property under subsection (a) of this section, if

    (A)    the debtor does not have an equity in such property; and

    (B)    such property is not necessary to an effective reorganization;

11 U. S. C. § 362.

13.    As a result of the Debtor's failure to pay Credit Acceptance's claim pursuant to the Plan, Credit Acceptance is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause because Debtor and Co-Debtor have failed to provide adequate protection of Credit Acceptance's interest, there is substantial risk of continuing loss to or diminution of the Vehicle, and the Vehicle is not necessary for the Debtor's successful reorganization.

14.    Cause exists for relief from the automatic stay under 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary to an effective reorganization.

15.    If Credit Acceptance is not granted relief from the automatic stay and permitted to repossess and liquidate the Vehicle, then Credit Acceptance will suffer irreparable injury, loss, and damage by virtue of the decreasing value of the Vehicle.

16.    Because the Vehicle must be sold promptly to maximize its value, sufficient cause exists to waive the requirements of Rule 4001 such that the order granting relief from the automatic stay will be effective upon entry by the Court.

17.    A proposed order granting the Motion is attached hereto as **Exhibit D**.

WHEREFORE, Credit Acceptance prays for the Court to grant the following relief:

1.    To enter an Order modifying the automatic stay imposed by 11 U.S.C. § 362(a) to allow Credit Acceptance to exercise its rights and remedies under the Contract and in accordance with applicable state law;

2.	To award Credit Acceptance reimbursement of its attorney's fees and costs to be added to the balance of its claim, if any claims are filed; and

3.	To grant such other and further relief as the court deems just and appropriate.

Dated:  April 15, 2026	WOMBLE BOND DICKINSON (US) LLP

By: /s/ Eudora F. S. Arthur
EUDORA F. S. ARTHUR
N.C. State Bar. No. 59854
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
Telephone: (919) 755-2178
dorie.arthur@wbd-us.com

*Attorneys for Credit Acceptance Corp.*

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, of Womble Bond Dickinson (US) LLP, hereby certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age;

That on this day, I served a copy of the foregoing Motion for Relief from Automatic Stay on:

> Sylvia Jean Harvey
> 103 Tom Willey St
> Gaston, NC 27832-9190
> *Debtor*

by depositing the same in the United States mail, first class, postage prepaid.

That on this day, the foregoing Motion for Relief from Automatic Stay was served by electronic means through the Court's CM/ECF service on:

> Palmer E. Huffstetler, III
> *Attorney for Debtor*
>
> Troy Staley
> *Chapter 13 Trustee*
>
> Brian Behr, Esq.
> *Bankruptcy Administrator*

I certify under penalty of perjury that the foregoing is true and correct.

Dated: April 15, 2026

WOMBLE BOND DICKINSON (US) LLP

By:    <u>/s/ Eudora F. S Arthur</u>
        EUDORA F. S. ARTHUR
        NC State Bar Number 59854
        555 Fayetteville St., Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2178
        dorie.arthur@wbd-us.com

*Attorneys for Credit Acceptance Corp.*

**EXHIBIT A**

Copy of Electronic Original

Not required to mail or fax this copy to Credit Acceptance

## RETAIL INSTALLMENT CONTRACT - CONSUMER CREDIT DOCUMENT

ACCOUNT # ▓▓▓▓▓▓▓▓

LOT # N0BY

| Buyer Name and Address | Buyer Name and Address | Creditor-Seller Name and Address |
|---|---|---|
| SYLVIA J HARVEY<br>103 TOM WILLEY ST<br>GASTON, NC 27832 | N/A | RHEASVILLE TRUCK AND AUTO SALES INC<br> 3771 NC HIGHWAY 48<br>ROANOKE RAPIDS, NC 27870 |

"You" and "Your" mean each Buyer above, jointly and severally. "Us" and "We" mean Creditor-Seller and Creditor-Seller's assignee. You may buy the Vehicle described below for cash or credit. The cash price is shown on Page 2 as the "Cash Price". The credit price is shown below as "Total Sale Price". You have agreed to buy the Vehicle from Us on credit. You agree to pay Us all amounts due under this Retail Installment Contract ("Contract"), including the Amount Financed plus Finance Charge according to the payment schedule shown in the Truth in Lending Disclosures below. We will figure Your finance charges on a daily basis at a rate of ___25.99___ % per year ("Contract Rate"). You also agree to the terms and conditions below (including the Truth in Lending Disclosures) and on the additional pages of this Contract. The Contract Rate may be negotiable with Us. You acknowledge delivery and acceptance of the Vehicle in good condition and repair.

| | Year and Make | Model | Color | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|
| Used | 2014 Ford | Explorer | WHITE | 1FM5K7B88EGA11592 | 104,039 |

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of Your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost You. | Amount Financed<br>The amount of credit provided to You or on Your behalf. | Total of Payments<br>The amount You will have paid after You have made all payments as scheduled. | Total Sale Price<br>The total cost of Your purchase on credit, including Your down payment of |
|---|---|---|---|---|
| 25.99 % | $ 14,077.68 | $ 15,830.22 | $ 29,907.90 | $ 2,000.00 is<br>$ 31,907.90 |

**Payment Schedule:** Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| | $ | |
| | $ | |
| 66 | $ 453.15 | Monthly beginning October 28, 2023 |

COPY OF ELECTRONIC ORIGINAL

**Security:** You are giving a security interest in the Vehicle being purchased.

**Late Charge:** If a payment is more than 10 days late, You will be charged a late fee of $15.00.

**Prepayment:** If You pay early, You will not have to pay a penalty.

**Additional Information:** Please read this Contract for any additional information about nonpayment, default and any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS IS NOT INCLUDED.**

**PROPERTY INSURANCE: You must insure the Vehicle securing this Contract. YOU MAY PURCHASE OR PROVIDE THE INSURANCE THROUGH ANYONE YOU CHOOSE WHO IS REASONABLY ACCEPTABLE TO US, as more fully described on page 3.**

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**ARBITRATION:** This Contract contains an Arbitration Clause that states You and We may elect to resolve any dispute by arbitration and not by court action. See the Arbitration Clause on Page 5 of this Contract for the full terms and conditions of the Arbitration Clause. By initialing below, you confirm that you have read, understand and agree to the terms and conditions in the Arbitration Clause.

Sign → **Buyer's Initials**: _[SJH]_  **Buyer's Initials:** _____

USED CAR BUYERS GUIDE. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE **ARBITRATION CLAUSE** SET FORTH ON THE ADDITIONAL PAGES OF THIS CONTRACT ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HEREIN BY REFERENCE.

Sign → Buyer's Initials _[SJH]_

Buyer's Initials _____

NORTH CAROLINA CREDIT ACCEPTANCE CORPORATION (02-2023)
© 2012-2023 Credit Acceptance Corporation. All Rights Reserved.

PAGE 1 of 5

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/28/2023

Copy of Electronic Original

Not required to mail or fax this copy to Credit Acceptance

## ITEMIZATION OF AMOUNT FINANCED

1. **Cash Price** (including accessories and improvements to the Vehicle) ............................................................... $ __14,500.00__ (1)
2. Sales Tax ............................................................................................................................................................ $ ____436.47__ (2)
3. Down-Payment Calculation:
   Cash Down Payment ...................................................... $ ____2,000.00__ (A)
   Deferred Down Payment .................................................. $ _____N/A__ (B)
   **Trade-In Description**: Gross Trade-In ............. $ _____N/A__ (C)
   Make: __N/A__
   Model: __N/A__       Payoff Made by Seller  $ _____N/A__ (D)
   Net Trade-In (If negative number, Insert "0" in line 3(E) and itemize difference in 5(E) below) (C-D) ... $ _____N/A__ (E)
   **Trade-In Description**: Gross Trade-In ............. $ _____N/A__ (F)
   Make: __N/A__
   Model: __N/A__       Payoff Made by Seller  $ _____N/A__ (G)
   Net Trade-In (If negative number, Insert "0" in line 3(H) and itemize difference in 5(K) below) (F-G) ... $ _____N/A__ (H)
   Other:  Manufacturers Rebate ............................................................................... $ _____N/A__ (I)
   Total Down Payment ........................................... (A + B + E + H + I) $ ___2,000.00__ (3)
4. **Unpaid Balance of Cash Price** (1+ 2 less 3) ................................................................................................. $ __12,936.47__ (4)
5. Other Charges Including Amounts Paid to Others on Your Behalf:
   *(NOTICE: A portion of these charges may be paid to or retained by Us.)
   A.  *Cost of Required Physical Damage Insurance Paid to Insurance Company .................................. $ _____N/A__ (A)
   B.  *Cost of Optional Extended Warranty or Service Contract Paid to the Company named below. ....... $ ___1,659.00__ (B)
   C.  Cost of Fees Paid to Public Officials for Perfecting, Releasing or Satisfying a Security Interest ........ $ _____N/A__ (C)
   D.  Cost of Fees Paid to Public Officials for Certificate of Title, License and Registration ...................... $ ____94.75__ (D)
       Other Charges (Seller must identify who will receive payment and describe purpose)
   E.  to __N/A__ for lien or lease payoff ......................................... $ _____N/A__ (E)
   F.  *to __Phoenix American Administrators, Inc.__ for Optional GAP Protection ................................... $ ___1,091.00__ (F)
   G.  *to __THE SELLER__ for __Rheasville Truck and Auto Sales INC__ $ ____49.00__ (G)
   H.  *to __N/A__ for __N/A__ $ _____N/A__ (H)
   I.  *to __N/A__ for __N/A__ $ _____N/A__ (I)
   J.  *to __N/A__ for __N/A__ $ _____N/A__ (J)
   K.  to __N/A__ for lien or lease payoff ................................ $ _____N/A__ (K)
   Total of Other Charges and Amounts Paid to Others on Your Behalf ................................. $ __2,893.75__ (5)
6. Less Prepaid Finance Charge ............................................................................................................................ $ _____N/A__ (6)
7. **Amount Financed - Unpaid Balance** (4 + 5 less 6) ...................................................................................... $ __15,830.22__ (7)

**OPTIONAL EXTENDED WARRANTY OR SERVICE CONTRACT:** Although You are not required to purchase an optional extended warranty or service contract as a condition of purchasing this Vehicle on credit, by initialing below You are indicating that You voluntarily elect to buy an optional extended warranty or service contract covering the repair of certain major mechanical breakdowns of the Vehicle and related expenses. Refer to the optional extended warranty or service contract for details about coverage and duration.

Price $ __1,659.00__     Term: __12,000 Miles/12 Mos.__ Company: __Wynn's Extended Care, Inc.__

Sign → *Sylvia J Harvey*  Sep 28, 2023 4:03:02 PM EDT        __09/28/2023__
Buyer's Signature                          Date                    Buyer's Signature                          Date

**GAP PROTECTION: Optional Guaranteed Auto Protection (GAP) is not required to obtain credit.** GAP protection will not be provided under this Contract unless You sign for it below and agree to pay the additional cost shown below and on Line 5F of the ITEMIZATION OF AMOUNT FINANCED. You may obtain optional GAP protection from a person of Your choice that is authorized to sell such coverage and is acceptable to Us. The GAP contract issued by the provider of the protection will describe the terms and conditions of coverage in further detail. If You want GAP protection, sign below.

Cost: $ __1,091.00__     Term: __66 Mos.__     Provider: __Phoenix American Administrators, Inc.__

Sign → *Sylvia J Harvey*  Sep 28, 2023 4:03:02 PM EDT        __09/28/2023__
Buyer's Signature                          Date                    Buyer's Signature                          Date

**Notice to the Buyer: 1. Do not sign this Contract before You read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract You sign.**

**You agree to the terms of this Contract and acknowledge that You have received a copy of this Contract with all blanks filled in and that You have read it and understand it.**

Sign → Buyer's Signature: **x** _____*Sylvia J Harvey*_ Sep 28, 2023 4:03:02 PM EDT    Buyer's Signature: **x** _____

Sign → Seller: __RHEASVILLE TRUCK AND AUTO SALES INC__  By: __*Wiley R Barnes*__ Sep 28, 2023 4:04:49 PM EDT   Title: __AGENT__

This Contract is signed by the Seller and Buyer(s) hereto this __28th__ day of __September__ , __2023__

NORTH CAROLINA CREDIT ACCEPTANCE CORPORATION (02-2023)
© **2012-2023 Credit Acceptance Corporation.**
**All Rights Reserved.**

COPY OF ELECTRONIC ORIGINAL

PAGE 2 of 5

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/28/2023

Copy of Electronic Original

Not required to mail or fax this copy to Credit Acceptance

# ADDITIONAL TERMS AND CONDITIONS

**Security Interest.** You give Us a security interest in: 1). The Vehicle and all parts or goods installed in it; 2). All money or goods received (proceeds) for the Vehicle; 3). All insurance, maintenance, service or other contracts We finance for You; and 4). All proceeds from insurance, maintenance, service or other contracts We finance for You (this includes any refunds of premiums). This secures payment of all You owe on this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures Your other agreements in this Contract. You agree to have the certificate of title show our security interest (lien) in the Vehicle.

**Late Charge.** You promise to make all payments when due. If You fail to make a payment when it is due, You agree to pay Us a late charge as stated on Page 1 of this Contract. You agree that We do not waive any of our rights by accepting one or more late payments from You.

**Bad Check Charge.** You agree to pay Us a bad check charge of $25.00 (or such other amount permitted by applicable law) for any check or like instrument given by You to Us that is returned by Your bank because of insufficient funds or because Your bank account was closed.

**Ownership and Risk of Loss.** You promise to pay Us all You owe under this Contract even if the Vehicle is damaged, destroyed or missing.

**Your Other Promises to Us.** You promise that:
- You will not remove the Vehicle from the United States or Canada without our written permission.
- You will not sell, rent, lease or otherwise transfer any interest in the Vehicle or this Contract without our written permission.
- You will not expose the Vehicle to misuse or confiscation.
- You will not permit any other lien or security interest to be placed on the Vehicle.
- You will preserve and protect the Vehicle and keep it in good condition and repair.
- You will not use the Vehicle unlawfully or abandon it. If a governmental agency impounds the Vehicle, You will notify Us immediately and regain possession of the Vehicle. We may regain possession of the Vehicle and treat it as a default.
- You will pay all taxes, assessments, rentals, charges, and other fees imposed on the Vehicle when they are due. If We pay any repair bills, storage bills, taxes, fines, fees, or other charges on the Vehicle, You agree to repay the amount to Us.
- You will permit Us to inspect the Vehicle at any reasonable time.
- You will promptly sign, or cause others to sign, and give Us any documents We reasonably request to perfect our security interest.
- You have not made and will not make an untrue, misleading or incomplete statement in a credit application, this Contract or any information provided in connection with this Contract.
- You will promptly provide Us with any additional personal or financial information concerning You or any information about the Vehicle that We may reasonably request from time to time.
- You will immediately notify Us if You change Your name or address.

**Finance Charge.** This is a simple interest contract. Finance charges are earned on a daily basis by applying the Contract Rate to the unpaid balance of the Amount Financed for the time the balance is owed. We will apply payments to late charges, finance charges and to the unpaid balance of the Amount Financed and other charges in any manner We choose unless We are required by law to apply payments in a particular order. After assignment, the Seller may receive a portion of the finance charges.

**Prepayment.** You have the right to prepay Your account balance at any time without penalty.

If You prepay only a portion of the balance remaining under this Contract, We will apply the prepayment to Your account balance. Your payment due date will advance by one month each time a standard monthly payment is satisfied in full by a prepayment. You must still make all payments on time until Your obligation under this Contract is paid in full. If You make a partial prepayment Your last payment or payments may be less than the scheduled amount due.

**Late or Early Payments.** The Finance Charge, Total of Payments, and Total Sale Price shown on the front of this Contract are based on the assumption that You will make every payment on the date it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if You pay late and less if You pay early. Changes may take the form of a larger or smaller final payment or, at Our option, more or fewer payments of the same amount as Your scheduled payment with a smaller final payment.

**Required Physical Damage Insurance.** You must insure Yourself and Us for the term of this Contract against loss of, or physical damage to, the Vehicle with a policy in Your name that is acceptable to Us. We have the right to approve the type and amount of insurance.

If the Vehicle is lost or damaged, You agree that We can use any insurance settlement either to repair the Vehicle or apply to Your account balance. If applied to Your account balance, the insurance settlement proceeds that do not pay Your obligation in full under this Contract will be applied as a partial payment.

**Optional Maintenance or Service Contracts**. This Contract may contain charges for optional maintenance, service or warranty contracts. If the Vehicle is repossessed, You agree that We may claim benefits under these contracts and terminate them to obtain refunds of unearned charges.

**Insurance, Maintenance, Service or Other Contract Charges Returned to Us.** If any charge for required insurance is returned to Us, it may be credited to Your account in accordance with the Prepayment section of this Contract. Any refund on optional maintenance, service, warranty or other contracts obtained by Us will be credited to Your account in accordance with the Prepayment section of this Contract.

**Default and Acceleration of the Contract.** You will be in default if:
- You fail to pay any amount due under this Contract when it is due.
- You break any of Your other promises You made in this Contract.
- A proceeding in bankruptcy, receivership or insolvency is started by You or against You or Your property.

If You are in default of this Contract, We may declare the entire unpaid balance of this Contract due and payable immediately at any time without notice to You, unless We are required by law to provide You with such notice, and subject to any right You may have to reinstate the Contract. The amount You will owe will be the unpaid part of the Amount Financed plus the earned and unpaid portion of the Finance Charge, any late charges, and any amounts due because of Your default.

**Repossession of the Vehicle.** If You default, We may take (repossess) the Vehicle from You. To repossess the Vehicle, We can enter Your property, or the property where the Vehicle is stored, so long as it is done peacefully and the law allows it. Any accessories, equipment or replacements will remain with the Vehicle. You hereby acknowledge and agree that any personal property contained within the Vehicle may be removed and held without liability to Us or our agent. It is Your responsibility to promptly and immediately contact Us to make arrangements for the return of Your personal property. You are responsible for paying all reasonable charges associated with the repossession.

 

Buyer's Initials _____

Buyer's Initials _____

NORTH CAROLINA CREDIT ACCEPTANCE CORPORATION (02-2023)
**© 2012-2023 Credit Acceptance Corporation.**
**All Rights Reserved.**

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/28/2023

Copy of Electronic Original

Not required to mail or fax this copy to Credit Acceptance

## ADDITIONAL TERMS AND CONDITIONS (cont.)

**Getting the Vehicle Back After Repossession.** If We repossess the Vehicle, You have the right to pay to get it back (redeem) at any time before We sell, lease, license or otherwise dispose of any or all of the Vehicle in its present condition or following any commercially reasonable preparation or processing.

**Sale of the Repossessed Vehicle.** Any notice that is required to be given to You of an intended sale or transfer of the Vehicle will be mailed to Your last known address, as reflected in our records, in a reasonable period before the date of the intended sale or transfer (or such other period of time as is required by law). If the Vehicle is sold, We will use the net proceeds of the sale to pay all or part of Your debt.

The net proceeds of the sale will be figured this way: Any charges for taking, holding, preparing for sale, and selling the Vehicle, and any attorney fees and court costs, if permitted by law, will be subtracted from the selling price.

If You owe Us less than the net proceeds of sale, We will pay You the difference, unless We are required to pay it to someone else. For example, We may be required to pay a lender who has given You a loan and has also taken a security interest in the Vehicle.

If You owe more than the net proceeds of sale, You will pay Us the difference between the net proceeds of sale and what You owe when We ask for it. If You do not pay this amount when asked, You may also be charged interest at the highest lawful rate until You do pay all You owe to Us.

**Servicing and Collection Contacts.** You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**Collection Costs.** If We hire an attorney to collect what You owe and the attorney is not our salaried employee, You will pay the attorney's fee not to exceed 15% of the amount due and payable under the Contract, and any court costs, as permitted by applicable law.

**Delay in Enforcing Rights and Changes of this Contract.** We can delay or refrain from enforcing any of our rights under this Contract without losing them. For example, We can extend the time for making some payments without extending others. Any change in the terms of this Contract must be in writing and signed by Us. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

> **WARRANTIES SELLER DISCLAIMS. YOU UNDERSTAND THAT THE SELLER IS NOT OFFERING ANY WARRANTIES AND THAT THERE ARE NO IMPLIED WARRANTIES OF MERCHANTABILITY, OF FITNESS FOR A PARTICULAR PURPOSE, OR ANY OTHER WARRANTIES, EXPRESS OR IMPLIED BY THE SELLER, COVERING THE VEHICLE UNLESS THE SELLER EXTENDS A WRITTEN WARRANTY OR SERVICE CONTRACT WITHIN 90 DAYS FROM THE DATE OF THIS CONTRACT.**
>
> THIS PROVISION DOES NOT AFFECT ANY WARRANTIES COVERING THE VEHICLE THAT MAY BE PROVIDED BY THE VEHICLE MANUFACTURER

**Interest After Maturity.** You further agree to pay interest at 16% or at the highest rate permitted by applicable law, on any amounts that remain unpaid after maturity of this Contract. For the purposes of this provision, maturity means the earlier of the date Your final payment is due or the date We accelerate the Contract.

**Judgment Rate.** Interest on any judgment awarded on this Contract will be at the Contract Rate stated on Page 1 of this Contract not to exceed 8% or at the highest rate permitted by applicable law.

**State of Contracting.** This Contract shall be deemed to have been made and entered into by the parties at the Seller's address shown on Page 1.

**Governing Law.** The rights and duties of the parties, and any claims arising out of or related to this Contract, are governed by the law of the state of the Seller's address shown on Page 1 of this Contract, except to the extent preempted by applicable federal law.

### ASSIGNMENT

**FOR VALUE RECEIVED**, Seller hereby assigns and transfers all Seller's right, title and interest in and to this Contract, and in and to the Vehicle described herein, to **CREDIT ACCEPTANCE CORPORATION** ("Assignee"), its successors and assigns, pursuant to and in accordance with the terms and conditions set forth in the existing dealer agreement between Seller and Assignee in effect on the date hereof. Seller gives Assignee full power, either in Assignee's name or in Seller's name, to take all actions which Seller could have taken under this Contract. In order to induce Assignee to accept assignment of this Contract, Seller represents and warrants to Assignee as set forth in the existing dealer agreement.

**NOTICE OF ASSIGNMENT: The Seller has assigned this Contract to Credit Acceptance Corporation in accordance with the terms and conditions as set forth above. This assignment is without recourse. You must make all future payments to: CREDIT ACCEPTANCE CORPORATION, 25505 WEST TWELVE MILE ROAD, SOUTHFIELD, MICHIGAN 48034-8339, 1-(800)-634-1506.**

Seller: RHEASVILLE TRUCK AND AUTO SALES INC    By: *Wiley R Barnes* (eSigned By: Sep 28, 2023 4:04:49 PM EDT)    Title: AGENT



Buyer's Initials SJH

Buyer's Initials _____

NORTH CAROLINA CREDIT ACCEPTANCE CORPORATION (02-2023)
© 2012-2023 Credit Acceptance Corporation.
All Rights Reserved.

PAGE 4 of 5
The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/28/2023

Copy of Electronic Original

Not required to mail or fax this copy to Credit Acceptance

## ARBITRATION CLAUSE

This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any goods or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named above.

**Your Right to Reject: If You don't want this Arbitration Clause to apply, You may reject it by mailing Us at P.O. Box 5070, Southfield, Michigan 48086-5070 a written rejection notice that describes the Contract and tells Us that You are rejecting this Arbitration Clause. A rejection notice is only effective if it is signed by all buyers, co-buyers and cosigners and the envelope that the rejection notice is sent in has a post mark of 30 days or less after the date of this Contract. If You reject this Arbitration Clause, that will not affect any other provision of this Contract or the status of Your Contract. If You don't reject this Arbitration Clause, it will be effective as of the date of this Contract.**

A "Dispute" is any controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service included in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories. Notwithstanding the foregoing, "Dispute" does not include any individual action brought by You in small claims court or Your state's equivalent court, unless such action is transferred, removed or appealed to a different court. "Dispute" does not include any repossession of the Vehicle upon Your default and any exercise of the power of sale of the Vehicle under this Contract or any individual action by You to prevent Us from using any such remedy, so long as such individual action does not involve a request for monetary relief of any kind. In addition, "dispute" does not include disputes about the validity, enforceability, coverage or scope of this Arbitration Clause or any part thereof (including, without limitation, the Class Action Waiver described in the sixth paragraph of this Arbitration Clause, the last sentence of the seventh paragraph of this Arbitration Clause and/or this sentence); all such disputes are for a court and not an arbitrator to decide. However, any dispute or argument that concerns the validity or enforceability of the Contract as a whole is for the arbitrator, not a court, to decide.

If a Dispute arises, the complaining party shall give the other party a written Dispute Notice and a reasonable opportunity, not less than 30 days, to resolve the Dispute. Any Dispute Notice to You will be sent in writing to the address on this Contract (or any updated address You subsequently provide to Us). Any Dispute Notice to Us must be sent by mail to: Credit Acceptance, Attn: Corporate Legal, 25505 West Twelve Mile Road, Southfield, Michigan 48034-8339 (or any updated address We subsequently provide to You). Any Dispute Notice You send must give Your Account Number, telephone number and address. Any Dispute Notice must explain the nature of the Dispute and the relief that is demanded. The complaining party must reasonably cooperate in providing any information about the Dispute that the other party reasonably requests.

Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration. Judgment on the arbitration award may be entered in any court with jurisdiction. All statutes of limitation that otherwise would apply to an action brought in court will apply in arbitration. The arbitrator is authorized to award all remedies permitted by the substantive law that would apply if the action were pending in court, including, without limitation, punitive damages (which shall be governed by the Constitutional standards employed by the courts) and attorneys' fees and costs.

If You or We elect to arbitrate a Dispute, neither You nor We will have the right to pursue that Dispute in court or have a jury resolve that dispute. In addition, if You or We elect to arbitrate a Dispute, (a) neither You nor We may participate in a class action in court or in a class-wide arbitration, either as a plaintiff, defendant or class member; (b) neither You nor We may act as a private attorney general in court or in arbitration; (c) Disputes brought by or against You may not be joined or consolidated with Disputes brought by or against any other person; and (d) the arbitrator shall have no power or authority to conduct a class-wide arbitration, private attorney general arbitration or joined or consolidated arbitration (this sentence including subparts a through d hereof is referred to in this Arbitration Clause as the "Class Action Waiver"). In the event there is an agreement to arbitrate claims or disputes that conflicts with this Arbitration Clause, whether such agreement is executed before, at the same time, or after this Arbitration Clause, the terms of this Arbitration Clause shall control any and all Disputes between You and Us.

Notwithstanding the foregoing, We retain the right to repossess the Vehicle upon Your default and to exercise any power of sale under this Contract. If any provision of this Arbitration Clause other than the Class Action Waiver is invalid or unenforceable under the Federal Arbitration Act or any other applicable law, the invalid or unenforceable provision shall be inapplicable and deemed omitted, but shall not invalidate the rest of this Arbitration Clause, and shall not diminish the parties' obligation to arbitrate Disputes subject to this Arbitration Clause. In the event that the Class Action Waiver is determined to be invalid or unenforceable, then, subject to the right to appeal such a ruling, this entire Arbitration Clause (except for this sentence) shall be null and void.

Whoever first elects arbitration may choose to arbitrate under the rules and procedures of either JAMS or the American Arbitration Association; however in the event of a conflict between these rules and procedures and the provisions of this Arbitration Clause, You and We agree that this Arbitration Clause governs for that specific conflict. You may obtain the rules and procedures, information on fees and costs (including waiver of the fees), and other materials, and may file a claim by contacting the organization of Your choice. The addresses and websites of the organizations are: JAMS, 1920 Main Street, Suite 300, Irvine, CA 92614, www.jamsadr.com ; and American Arbitration Association, 335 Madison Avenue, Floor 10, New York, New York 10017-4605, www.adr.org. If neither JAMS nor the American Arbitration Association is able or willing to serve, and You and We can't otherwise agree on a substitute administrator or arbitrator, then a court with appropriate jurisdiction shall appoint an arbitrator. We will consider any good faith request You make to Us to pay the administrator's or arbitrator's filing, administrative, hearing and/ or other fees if You cannot obtain a waiver of such fees from the administrator and We will not seek or accept reimbursement of any such fees. We will bear the expense of our attorneys, experts and witnesses, except where applicable law and this Contract allow Us to recover attorneys' fees and/or court costs in a collection action We bring. You will bear the expense of Your attorneys, experts and witnesses if We prevail in an arbitration. However, in an arbitration You commence, We will pay Your fees if You prevail or if We must bear such fees in order for this Arbitration Clause to be enforced. Also, We will bear any fees if applicable law requires Us to. The arbitrator may decide that an in-person hearing is unnecessary and that he or she can resolve the Dispute based on the papers submitted by You or Us and/or through a telephonic hearing. However, any arbitration hearing that You attend will take place at a location that is reasonably convenient to You. Notice of the time, date and location shall be provided to You and Us under the rules and procedures of the arbitration organization selected.

The arbitrator's decision is final and binding, except for any right of appeal provided by the Federal Arbitration Act, 9 U.S.C. §§ 1 et. Seq. ("FAA"). However, if the amount of the Dispute exceeds $50,000 or involves a request for injunctive or declaratory relief that could foreseeably involve a cost or benefit to either party exceeding $50,000, any party can appeal the award to a three-arbitrator panel administered by the Administrator, which panel shall reconsider any aspect of the initial award requested by the appealing party. The decision of the panel shall be by majority vote. Reference in this Arbitration Clause to "the arbitrator" shall mean the panel of arbitrators if an appeal of the arbitrator's decision has been taken. The costs of such an appeal will be borne in accordance with the section of this Arbitration Clause that describes who will bear the costs for the initial proceeding before a single arbitrator.

It is expressly agreed that this Contract evidences a transaction in interstate commerce. This Arbitration Clause is governed by the FAA and not by any state arbitration law.

NORTH CAROLINA CREDIT ACCEPTANCE CORPORATION (02-2023)
**© 2012-2023 Credit Acceptance Corporation.
All Rights Reserved.**

The original retail installment contract is assigned to Credit Acceptance Corporation.
This copy was created on 09/28/2023

 Buyer's Initials

Buyer's Initials _____

**EXHIBIT B**

MVR-191 (Rev. 06/2022)

## STATE OF NORTH CAROLINA

# CERTIFICATE OF TITLE

30

| | | | |
|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE | BODY STYLE |
| 1FM5K7B88EGA11592 | 2014 | FORD | MP |

| | | |
|---|---|---|
| TITLE NUMBER | TITLE ISSUE DATE | PREVIOUS TITLE NUMBER |
| 779062233052044 | 12/06/2025 | 772346232511947 |

MAIL TO

CREDIT ACCEPTANCE CORP
PO BOX 513
SOUTHFIELD   MI   48037-0513

| ODOMETER READING |
|---|
| 104039 |
| **ODOMETER STATUS** |
| |
| **TITLE BRANDS** |
| |

OWNER(S) NAME AND ADDRESS

SYLVIA JEAN HARVEY
103 TOM WILLEY ST
GASTON   NC   27832



The Commissioner of Motor Vehicles of the State of North Carolina hereby certifies that an application for a certificate of title for the herein described vehicle has been filed pursuant to the General Statutes of North Carolina and based on that application, the Division of Motor Vehicles is satisfied that the applicant is the lawful owner. Official records of the Division of Motor Vehicles reflect vehicle is subject to the liens, if any, herein enumerated at the date of issuance of this certificate.

As WITNESS, his hand and seal of this Division of the day and year appearing in this certificate as the title issue date.

COMMISSIONER OF MOTOR VEHICLES

FIRST LIENHOLDER:        DATE OF LIEN   11/01/2023
CREDIT ACCEPTANCE CORP
PO BOX 513
SOUTHFIELD   MI   48037-0513

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

SECOND LIENHOLDER:        DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

THIRD LIENHOLDER:        DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

FOURTH LIENHOLDER:        DATE OF LIEN

LIEN RELEASED BY:
SIGNATURE_____
TITLE_____DATE_____

ADDITIONAL LIENS:

07967063

044   T1C0442

## ANY ALTERATIONS OR ERASURES VOID TITLE

## JD Power Used Cars/Trucks

**Credit Acceptance Corporation**

25505 West Twelve Mile Road
Southfield, MI 48034
248-353-2700 ext: 6409
ppindera@creditacceptance.com

## Vehicle Information

| | | |
|---|---|---|
| Vehicle: | 2014 Ford Explorer Utility 4D 3.5L V6 |  |
| Region: | Southeastern | |
| Period: | November 12, 2025 | |
| VIN: | 1FM5K7B88EGA11592 | |
| Mileage: | 132,500 | |
| Base MSRP: | $30,015 | |
| Typically Equipped MSRP: | $30,910 | |
| Weight: | 4,534 | |

## JD Power Used Cars/Trucks Values

| | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| **Monthly Used** | | | | |
| Rough Trade-In | $2,675 | N/A | N/A | **$2,675** |
| Average Trade-In | $3,525 | N/A | N/A | **$3,525** |
| Clean Trade-In | $4,225 | N/A | N/A | **$4,225** |
| | | | | |
| Clean Loan | $3,825 | N/A | N/A | **$3,825** |
| Clean Retail | $7,150 | N/A | N/A | **$7,150** |
| **Weekly Auction** | | | | |
| Low | $625 | N/A | N/A | **$625** |
| Average | $3,525 | N/A | N/A | **$3,525** |
| High | $6,450 | N/A | N/A | **$6,450** |

*The auction values displayed include typical eqiupment and adjustments for mileage and any of the following applicable accessories: engine size, drivetrain, and trim.

## Selected Options

| | Trade-In/Loan | Retail |
|---|---|---|
| Rear Air Conditioning | w/body | w/body |

EXHIBIT

D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

```
-------------------------------------------------------- x
In re:                                      :
                                            :     Chapter 13
SYLVIA JEAN HARVEY,                         :
                                            :     Case No.: 25-04504
                        Debtor.             :
                                            :
-------------------------------------------------------- x
```

## ORDER GRANTING MOTION
## FOR RELIEF FROM AUTOMATIC STAY

Upon consideration of Credit Acceptance Corp.'s Motion for Relief from Automatic Stay

(the "Motion") and any objection to the Motion; and after due deliberation thereon; and good cause

having been shown and found; it is, by the United States Bankruptcy Court for the Eastern District

of North Carolina, hereby:

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the automatic stay of 11 U.S.C. § 362 is hereby terminated to permit

Credit Acceptance Corp. to exercise its rights and remedies under applicable non-bankruptcy law

under the Retail Installment Contract executed by Debtor in favor of Credit Acceptance Corp. in the principal amount of $15,830.22 for the financed purchase of one (1) 2014 Ford Explorer, VIN No. FM5K7B88EGA11592 (the "Vehicle") and in accordance with applicable state law; and it is further

**ORDERED**, that Credit Acceptance Corp. is permitted to apply the proceeds of any disposition of the Vehicle to the outstanding indebtedness due and owing Credit Acceptance Corp., including principal, interest, late fees, attorneys' fees, and costs as allowed by the loan and applicable law; and it is further

**ORDERED**, that upon disposition of the Vehicle, Credit Acceptance Corp. must provide an explanation of any surplus to the trustee, the debtor's attorney, and the debtor within 14 days and send payment of such surplus to the trustee within 60 days, pending further order of the court regarding its distribution; and it is further

**ORDERED**, that Credit Acceptance Corp. has 120 days for personal property from entry of the order granting the relief to file a deficiency claim, unless the court, for good cause shown by motion filed before the expiration of such period, extends the same; and it is further

**ORDERED**, that the Court shall retain jurisdiction over the subject matter of this Order and to enforce the provisions set forth herein; and it is further

**ORDERED**, that the fourteen-day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived.

END OF DOCUMENT