**SO ORDERED.**

**SIGNED this 16 day of June, 2026.**

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

SYLVIA JEAN HARVEY

DEBTOR.

CHAPTER **13**

CASE NO. **25-04504-5-JNC**

**CONSENT ORDER GRANTING**
**RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER comes before the Court for relief from the automatic stay to allow Credit Acceptance Corp. ("Credit Acceptance") to exercise its rights and remedies against First Bank's collateral under the Loan Documents (hereinafter defined). Based upon the consent, stipulation, and agreement of Credit Acceptance, the Trustee, and the Debtor, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2.       The Debtor filed a voluntary petition under chapter 13 of title 11 on November 12, 2025.

3.       On or about September 28, 2023, Hyundai extended a loan to Sylvia Jean Harvey (the "Debtor") to finance the purchase of a 2014 Ford Explorer, VIN No. FM5K7B88EGA11592 (the "Vehicle").

4.       In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Credit Acceptance in the principal amount of $15,830.22 (the "Contract").

5.       Credit Acceptance has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").

6.       On or about March 10, 2026, the Debtor filed her Chapter 13 Plan (the "Plan") (D.I. 22), which provides for payment directly to Credit Acceptance outside of the Plan.

7.       As of the entry of this Order, the Debtor was due for September 2025 with total arrears in the amount of $2,265.75.

8.       The Motion for Relief from Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a)       The Debtor resumed regular monthly payments directly to Credit Acceptance beginning with the payment due on April 28, 2026.  Beginning with the May 28, 2026 payment and continuing for twelve (6) consecutive months, if any regular monthly payment is not received by Credit Acceptance by 5:00 PM on the thirtieth (30th) day after the day on which it is

due, then the automatic stay shall be immediately lifted to allow Credit Acceptance to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

b)        The Debtor shall cure the post-petition arrearage of $2,265.75 by making six (6) equal monthly payments of $377.63 with the first payment being due on May 28, 2026 and the subsequent payments being due on the tenth (28th) day of each month thereafter for a total of six consecutive months.  If any monthly cure payment is not received by Credit Acceptance by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Credit Acceptance to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

c)        The finance agreements giving rise to the security interests in favor of Credit Acceptance include provisions permitting recovery of any fees/costs associated with enforcing the agreement.  Based on the same, Santander shall be reimbursed in the amount of $449.00 which will be added to the loan balance.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.        That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 8 of the Findings of Fact above, the automatic stay shall remain in effect.

2.        That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 8 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Credit Acceptance to proceed against the Vehicle in accordance with applicable law and its security agreement.

3.        That the Debtor shall reimburse Credit Acceptance for its reasonable attorneys' fees and expenses in the amount of Four Hundred Forty-Nine and 00/100 Dollars ($449.00) which shall be added to the balance of the loan.

4.      That if the automatic stay is dissolved for failure to comply with the terms of this

Order:

      a.      The Debtor and Co-Debtor are ordered to immediately release the Vehicle to Credit Acceptance or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

      b.      That Credit Acceptance is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

      c.      That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

      d.      That time is of the essence as to each and all of the provisions of this Order.

      e.      That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

WE CONSENT:

WOMBLE BOND DICKINSON (US) LLP

By:     /s/ Eudora F. S. Arthur
        EUDORA F. S. ARTHUR
        N.C. State Bar No. 59854
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email: dorie.arthur@wbd-us.com
        *Attorneys for Credit Acceptance Corp.*

By:     Palmer E. Huffstetler, III
        **Palmer E. Huffstetler, III**
        Sosna & Huffstetler Law Offices, PLLC
        3031 Zebulon Rd.
        Rocky Mount, NC 27804

        *Attorney for the Debtor*

NO OBJECTION:

By:     /s/ Troy Staley
        **Troy Staley**
        PO Box 1618
        New Bern, NC 28563-1618

        *Trustee*

END OF DOCUMENT